United States District Court
Southern District of Texas

**ENTERED**

October 12, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JESUS MANUEL PUCHE OLIVARES, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-1981 |
| | § | |
| LYL TRANSPORTATION, LLC *and* | § | |
| JUAN CARLOS CORTEZ FLORES, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Jesus Manuel Puche Olivares sued his former employer, Lyl Transportation LLC, and his supervisor at Lyl, Juan Carlos Cortez Flores, alleging that he was not paid overtime wages required under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*  (Docket Entry No. 1).

Mr. Olivares worked as a driver for Lyl Transportation from May 2022 to December 2022, delivering furniture, typically for 60 hours each week.  (Docket Entry No. 1 at ¶¶ 11–13).  Of the 60 hours per week, 20 hours were overtime.  (*Id.* at ¶¶ 17–19).  Mr. Olivares did not receive overtime pay.  (*Id.*).  Lyl instead paid Mr. Olivares $12.50 per hour from May to October, and $13.33 per hour from October to December.  (Docket Entry No. 1-1 at 2).  Mr. Olivares alleges that Lyl "employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000" (Docket Entry No. 16-1 at 3), and that Mr. Flores "had the power to hire and fire . . . supervised and controlled the work schedules and conditions of employment . . . [and] determined the rate and method of payment for employees[.]" (*Id.* at 2).

After suit was filed, Mr. Olivares hired a process server, who certified individual service on both Lyl and Mr. Flores.  (Docket Entry Nos. 10–11).  Because Lyl did not appear, answer, file

a Rule 12(b) motion, or request more time to do so, the court entered default on August 18, 2023. (Docket Entry No. 13).  Mr. Olivares has timely moved for default judgment and seeks overtime pay damages, liquidated damages, and attorney's fees.  (Docket Entry No. 16).  He has filed affidavits and exhibits in support of his claims for damages and reasonable attorney's fees.  Notice to the defendant and further hearings are not necessary. Fed. R. Civ. P. 55(b)(2).

Based on the pleading, motions, briefs, the evidence presented, and the applicable law, the motion for default judgment, (Docket Entry No. 16), is granted.  Final judgment is entered in the amount of $13,658.16 against Lyl Transportation and Mr. Flores.

The reasons are explained below.

## I.      Legal Standard

If damages can be calculated with certainty, Rule 55(b) provides for judgment "against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."  Fed. R. Civ. P. 55(b)(1).  "The Fifth Circuit has held that a 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'"  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting reference omitted).  A "default judgment must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'"  *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting reference omitted).

When, as here, the pleadings are sufficient, the court must determine whether the record supports the damages amount sought.  The plaintiff's submission of "the amount of damages and attorney's fees he feels he should be awarded" is insufficient without "support in the record and [a] method of determining the accuracy of those totals.  Mere statements of award values without any indication of how those amounts were reached cannot rise to the level of an amount liquidated

or capable of mathematical calculation." *Richardson v. Salvation Army*, 161 F.3d 7, 7 (5th Cir. 1998).  "The court may rely on detailed affidavits or documentary evidence, supplemented by the judge's personal knowledge, to evaluate the proposed sum." *Id.*

## III.   Analysis

Mr. Olivares alleges that Lyl failed to pay him overtime wages and "failed to keep proper time records tracking [Mr. Olivares's] time worked," in violation of the FLSA.  (Docket Entry No. 1 at ¶ 19).  An FLSA unpaid overtime claim requires that the employee bringing the action show: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).  "Once the employee establishes a *prima facie* case, the burden then shifts to the employer to 'come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.'" *Id.* (quoting *Harvill v. Westward Comm'cns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005)).

Mr. Olivares alleges that an employer-employee relationship existed when he worked overtime because defendants "had the power to hire and fire . . . supervised and controlled the work schedules and conditions of employment . . . [and] determined the rate and method of payment for employees[.]" (Docket Entry No. 16-1 at 2).  The complaint allegations present a plausible claim that the defendants were Mr. Olivares's employers. *See* 29 U.S.C. § 203(d)–(e). The complaint also alleges facts plausibly showing that: Mr. Olivares drove and delivered furniture as a Lyl employee; Lyl violated the FLSA's overtime wage requirement; and Mr. Olivares is owed $4,846.08 in unpaid overtime wages. (Docket Entry No. 16-1 at 5).

When an employer violates the FLSA, the employee may recover "their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  Mr. Olivares is also owed $4,846.08 in liquidated damages.

Because Mr. Olivares is entitled to statutory damages, he is also entitled to reasonable attorney's fees.  "In determining the appropriate amount of attorney's fees, a district court first must calculate the 'lodestar' by 'multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers.'" *Rodney v. Elliott Sec. Sols., L.L.C.*, 853 F. App'x 922, 924 (5th Cir. 2021) (quoting *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)).  Whether an hourly rate is reasonable depends on whether that rate is consistent with the "hourly rate in the community for the work at issue." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).  In a sworn affidavit, counsel for Mr. Olivares asserts that he worked 8.4 hours at an hourly rate of $400.00.  (Docket Entry No. 16-2).  The court finds that the number of hours worked and the hourly rate are reasonable.  *See Ruiz v. DNC Constr.*, No. 22-CV-1888, 2023 WL 159772, at *4 (S.D. Tex. Jan. 11, 2023).

Mr. Olivares also seeks $606.00 in costs.  Under the FLSA, an employer is liable to a successful plaintiff for "costs of the action."  29 U.S.C. § 216(b).  The costs include the cost of filing the complaint and the cost of service of summons, including a breakdown of how much was spent on each expense.  (Docket Entry No. 16-2 at 2).  The court finds these costs are reasonable, and awards $3,966.00 in attorney's fees and costs.

**IV.    Conclusion**

The motion for final default judgment is granted, awarding Mr. Olivares $13,658.16 for unpaid wages, liquidated damages, and reasonable attorney's fees and costs.   Final judgment against Lyl is separately entered.

SIGNED on October 12, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge